UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JOHN HARVEY JOHNSON                    CIVIL ACTION NO. 2:13-cv-2447
    FED. REG. NO. 3796-179

VERSUS                                 JUDGE MINALDI


G.R. PALISPIS, ET AL                   MAGISTRATE JUDGE KAY


<u>REPORT AND RECOMMENDATION</u>


Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff John Harvey Johnson.  This matter arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983.

Plaintiff is currently incarcerated at USP Tucson in Tucson, Arizona.  At the time of filing he was housed at USP Hazelton in Bruceton Mills, West Virginia. He complains of events that occurred while incarcerated at the Federal Detention Center, Oakdale (herein "FCIO") in Oakdale, Louisiana.

Plaintiff names the following as defendants in this matter:  FCIO Physician G.R. Palispis; FCIO Mid-Level Medical Providers Oscar Bergenholtz, R. Shalabi, and J. Mashimo; FCIO Health Services Administrator Ms. Merritt; FCIO Warden J. P. Young; and FCIO Associate Warden K. Ask-Carlson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For

the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### *Background*

Plaintiff states that his civil rights were violated because he was denied adequate medical care.  More specifically, he claims that on October 26, 2010, he was seen by defendant Palispis for a swollen right wrist.  Doc. 1, p. 3.  Palispis ordered an x-ray but did not bandage the wrist.  *Id.*  On November 5, 2010, plaintiff claims his wrist buckled causing him to fall on the floor. *Id.*  Defendant Bergenholz came to his cell, saw that his right hand was broken, and wrapped it with an ace bandage but failed to report his broken hand.  *Id.* An x-ray was taken on November 19, 2010, which confirmed the break.  *Id.*

Despite the x-ray results, plaintiff states that defendants Merritt and Young denied his right to be transported to see an orthopedist to have a cast put on and to determine whether surgery was needed.  *Id.*  Instead, on November 23, 2010, defendants Bergenholz and Shalabi applied the cast.  *Id.* Plaintiff states that his fracture was severe and claims that Bergenholz and Shalabi, as mid-level health providers, were not qualified to apply the cast.  *Id.* As a result, plaintiff alleges that his right hand is deformed and his right wrist does not bend properly.  *Id.*

Furthermore, plaintiff complains that defendants Mashimo, Ask-Carlson, Boyle, Bergenholz, and Merritt failed to increase the prescribed 800 mgs of Ibuprofen or change his pain medication to something stronger.  *Id.*

As a result of the above, plaintiff seeks compensatory damages for pain and suffering, surgery on his right wrist and hand by an orthopedic hand specialist, and repair of nerve damage causing numbness in his hand, wrist and arm.  Doc. 1, p. 4.

*Law and Analysis*

### I.     Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II.     Bivens Action

As noted, plaintiff has filed a *Bivens* action.  According to the Fifth Circuit, a *Bivens* action is analogous to an action under § 1983 and the analysis pursuant to § 1983 action applies to a *Bivens* action.  *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005).  Section 1983 and *Bivens* proscribe conduct by any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.   Thus, an initial inquiry in this lawsuit is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable *Bivens* claim.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

#### a.  Medical Care

Plaintiff's claims of delayed, denied, or inadequate medical care are without merit.

Medical care claims asserted by immigration detainees are properly considered under the due process clause of the Fourteenth Amendment.  The jurisprudence recognizes "no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).  "When the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights..." *Id*.  Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-59 (5th Cir. 2001).  "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs.  *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test

in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.

The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Id.*. Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh*, 920 F.2d 320, 321(5th Cir. 1992). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

In the instant case, the information contained in plaintiff's complaints and the attachments thereto show that plaintiff received significant medical treatment for his wrist/hand and other ailments. Medical care for his wrist/hand has included physician appointments, medical consultations, x-rays, placement of a cast, follow-up treatment and x-rays, CT scans, and orthopedic evaluations. These treatments are well-documented in the 60 plus exhibits filed by plaintiff. Doc. 1, att. 1, pp. 1-18; Doc. 7, pp. 2-47.

Plaintiff's allegations, at most, state a disagreement between him and the medical staff regarding the procedures to treat his medical problems. As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. See *Shaw v. Murphy*, 121 S.Ct. 1475 (2001); *Procunier v. Martinez*, 94 S.Ct. 1800 (1974). The decision regarding plaintiff's treatment is best left to the prison officials. The facts of this matter clearly do not demonstrate that the defendants "refused to treat him, ignored

his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard..." for plaintiff's medical needs.  The evidence before the court simply does not support a finding of deliberate indifference.

Accordingly, this court finds that plaintiff's medical care claims should be dismissed.

**b.  *Injunctive Relief***

Plaintiff has been transferred from FCIO.  Therefore, his requests for injunctive relief are moot.

The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot.  *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (*per curium*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir. 1991) (*per curium*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).  Plaintiff's complaint does not meet the requisite standard.  Simply put, plaintiff has been released from the custody of FCIO and his requests for injunctive relief are moot.  *See Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001) (even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot) (citing *Cooper*, 929 F.2d at 1084.

### Conclusion

For reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 8th day of October, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE